MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LUISA SANCHEZ SOLIS, *individually and*
*on behalf of others similarly situated,*

                                    *Plaintiff,*                                    **COMPLAINT**

                -against-

HABANA TO GO BROOKLYN LLC  (d/b/a          **COLLECTIVE ACTION UNDER**
HABANA TO GO), HABANA BROOKLYN                    **29 U.S.C. § 216(b)**
LLC (d/b/a HABANA OUTPOST), and SEAN
MEENAN,                                                                **ECF Case**


                                    *Defendants.*
-------------------------------------------------------X

        Plaintiff Luisa Sanchez Solis ("Plaintiff Sanchez" or "Ms. Sanchez"), individually and on

behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against Habana to Go Brooklyn LLC (d/b/a Habana

to Go), Habana Brooklyn LLC (d/b/a Habana Outpost), ("Defendant Corporations") and Sean

Meenan, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

        1.        Plaintiff Sanchez is a former employee of Defendants Habana to Go Brooklyn LLC

(d/b/a Habana to Go), Habana Brooklyn LLC (d/b/a Habana Outpost), and Sean Meenan.

2.      Defendants own, operate, or control two Cuban restaurants, located at 690 Fulton Street, Brooklyn, New York 11217 under the name "Habana to Go" and at 757 Fulton Street, Brooklyn, New York 11217 under the name "Habana Outpost".

3.      Upon information and belief, individual Defendant Sean Meenan, serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Sanchez was an employee of Defendants.

5.      Plaintiff Sanchez was employed as a food preparer at the restaurants located at 690 Fulton Street, Brooklyn, New York 11217 and 757 Fulton Street, Brooklyn, New York 11217.

6.      At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Sanchez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Sanchez the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

- 2 -

11.     Plaintiff Sanchez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Sanchez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sanchez's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Cuban restaurants located in this district.  Further, Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES
### *Plaintiff*

15.     Plaintiff Luisa Sanchez Solis ("Plaintiff Sanchez" or "Ms. Sanchez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Sanchez was employed by Defendants at Habana to Go and Habana Outpost from approximately April 11, 2014 until on or about December 11, 2017.

17.     Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled two Cuban restaurants, located at 690 Fulton Street, Brooklyn, New York 11217 under the name "Habana to Go" and at 757 Fulton Street, Brooklyn, New York 11217 under the name "Habana Outpost".

19.     Upon information and belief, Habana to Go Brooklyn LLC (d/b/a Habana to Go) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 690 Fulton Street, Brooklyn, New York 11217.

20.     Upon information and belief, Habana Brooklyn LLC (d/b/a Habana Outpost) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 757 Fulton Street, Brooklyn, New York 11217.

21.     Defendant Sean Meenan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sean Meenan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sean Meenan possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

22.     Defendants operate two Cuban restaurants located in the Fort Greene section of Brooklyn in New York City.

23.     Individual Defendant, Sean Meenan, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Sanchez (and all similarly situated employees) and are Plaintiff Sanchez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant, Sean Meenan operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

30. In each year from 2014 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Sanchez is a former employee of Defendants who was employed as a food preparer.

33.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luisa Sanchez Solis*

34.     Plaintiff Sanchez was employed by Defendants from approximately April 11, 2014 until on or about December 11, 2017.

35.     Defendants employed Plaintiff Sanchez as a food preparer.

36.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

38.     Throughout her employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

39.     From approximately April 11, 2014 until on or about May 2014, Plaintiff Sanchez worked at Habana to Go from approximately 9:00 a.m. until on or about 10:00 p.m., seven days a week (typically 91 hours per week).

40.     From approximately May 2014 until on or about October 2014, Plaintiff Sanchez worked at Habana Outpost from approximately 6:00 a.m. until on or about 10:00 p.m., seven days a week (typically 112 hours per week).

41.     From approximately November 2014 until on or about April 2015, Plaintiff Sanchez worked at Habana to Go from approximately 6:00 a.m. until on or about 5:00 p.m., six days a week (typically 66 hours per week).

42.     From approximately April 2015 until on or about October 2015, Plaintiff Sanchez worked at Habana Outpost from approximately 6:00 a.m. until on or about 10:00 p.m., seven days a week (typically 112 hours per week).

43.     From approximately November 2015 until on or about April 2016, Plaintiff Sanchez worked at Habana to Go from approximately 6:00 a.m. until on or about 5:00 p.m., six days a week (typically 66 hours per week).

44.     From approximately April 2016 until on or about October 2016, Plaintiff Sanchez worked at Habana Outpost from approximately 6:00 a.m. until on or about 10:00 p.m., seven days a week (typically 112 hours per week).

45.     From approximately November 2016 until on or about April 2017, Plaintiff Sanchez worked at Habana to Go from approximately 6:00 a.m. until on or about 5:00 p.m., six days a week (typically 66 hours per week).

46.     From approximately April 2017 until on or about October 2017, Plaintiff Sanchez worked at Habana Outpost from approximately 6:00 a.m. until on or about 10:00 p.m., seven days a week (typically 112 hours per week).

47.     From approximately November 1, 2017 until on or about November 12, 2017, Plaintiff Sanchez worked at Habana to Go from approximately 6:00 a.m. until on or about 5:00 p.m., six days a week (typically 66 hours per week).

48.     From approximately November 13, 2017 until on or about December 11, 2017, Plaintiff Sanchez worked at Habana to Go from approximately 6:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., five days a week (typically 45 to 50 hours per week).

49.     From approximately April 11, 2014 until on or about December 2017, Defendants paid Plaintiff Sanchez her wages in cash.

50.     For the month of December 2017, Defendants paid Plaintiff Sanchez her wages in a combination of check and cash.

51.     From approximately April 11, 2017 until on or about March 2015, Defendants paid Plaintiff Sanchez $9.00 per hour.

52.     From approximately March 2015 until on or about March 2016, Defendants paid Plaintiff Sanchez $10.50 per hour.

53.     From approximately March 2016 until on or about March 2017, Defendants paid Plaintiff Sanchez $11.50 per hour.

54.     From approximately March 2017 until on or about December 11, 2017, Defendants paid Plaintiff Sanchez $12.50 per hour.

55.     Plaintiff Sanchez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

56.     For example, Defendants required Plaintiff Sanchez to work an additional 1 to 2 hours after her scheduled departure time every day, and did not pay her for the additional time she worked.

57.     Defendants never granted Plaintiff Sanchez any breaks or meal periods of any kind.

58.     Plaintiff Sanchez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

59.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

60.     Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL 195(3).

61.     Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Sanchez to purchase "tools of the trade" with her own funds—including four pale blue shirts per year and four pairs of pale blue pants per year.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate spread of hours pay and overtime compensation as required by federal and state laws.

64.     Plaintiff Sanchez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

65.     Defendants habitually required Plaintiff Sanchez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     Plaintiff Sanchez was paid her wages in cash from approximately April 11, 2014 until on or about December 2017 and in a combination of check and cash for the month of December 2017.

68.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for her full hours worked.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

72.     Defendants failed to provide Plaintiff Sanchez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff Sanchez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.      Plaintiff Sanchez brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

75.     At all relevant times, Plaintiff Sanchez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

76.     The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Sanchez (and the FLSA Class members), were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

81.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Sanchez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

85.      Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to pay Plaintiff Sanchez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sanchez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

87.     Defendants' failure to pay Plaintiff Sanchez an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

89.      Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to provide Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91.     Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

92.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

93.     With each payment of wages, Defendants failed to provide Plaintiff Sanchez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94.     Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

95.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants required Plaintiff Sanchez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her jobs, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA Class members;

(e)     Awarding Plaintiff Sanchez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sanchez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez;

(h)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Sanchez;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Sanchez's compensation, hours, wages and any deductions or credits taken against wages;

(j)      Awarding Plaintiff Sanchez damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(k)      Awarding Plaintiff Sanchez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)      Awarding Plaintiff Sanchez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)      Awarding Plaintiff Sanchez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)       Awarding Plaintiff Sanchez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        December 20, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 19, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Luisa Sanchez-Solis

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           19 de diciembre de 2017