UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUISA SANCHEZ SOLIS and, GONZALO HERNANDEZ *individually and on behalf of others similarly situated*,

Plaintiff*s*,

-against-

HABANA TO GO BROOKLYN LLC (d/b/a HABANA TO GO), HABANA BROOKLYN LLC (d/b/a HABANA OUTPOST), and, SEAN MEENAN,

*Defendants.*

Case No. 17-cv-7409

**SETTLEMENT AGREEMENT
AND
RELEASE**

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Luisa Sanchez Solis and Gonzalo Hernandez ("Plaintiffs") on the one hand, and Habana to Go Brooklyn LLC (d/b/a Habana to Go) and Habana Brooklyn LLC (d/b/a Habana Outpost), ("Defendant Corporations"), and Sean Meenan, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 17-cv-7409 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws as well as any other violation of law; and

    WHEREAS, the parties have carefully reviewed all relevant information and documents, including timesheets, and desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of

**$99,999.99** (the "Settlement Amount") to be paid to Plaintiffs' attorneys in 4 installments, as follows:

(a)     Installment One: A post-dated check in the amount of $24,999.99 made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit 14 days after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b)     Installment Two: A post-dated check in the amount of $24,999.99 made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit 4 months after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c)     Installment Three: A post-dated check in the amount of $24,999.99 made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit 8 months after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d)     Installment Four: A post-dated check in the amount of $25,000.02) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit 12 months after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

Within 14 days after court approval of this Agreement, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.  Failure to deliver said checks shall constitute a default under the Agreement.

(a).     Concurrently with the execution of this Agreement, Defendants Habana to Go Brooklyn LLC (d/b/a Habana to Go), Habana Brooklyn LLC  (d/b/a Habana Outpost), and Sean Meenan shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively.  The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear, or Defendants fail to deliver the checks to Plaintiffs' counsel within fourteen days after court approval of the Agreement, and (ii) Defendants fail to cure such default within 10 business days of receipt of written notice (to be delivered to Defendants by email to neelalan@gmail.com and joseph@mattone.com and first class mail via their counsel, Joseph M. Mattone , Esq., at 134-01 20th Avenue , College Point, NY 11356). Any such Notice of Default shall be deemed received 5 days after it is mailed. Plaintiffs' counsel shall destroy the Confessions of Judgment once the Settlement Amount has been paid in full.

2.     <u>Release and Covenant Not To Sue</u>:     Plaintiffs hereby irrevocably and

unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any law, statute, regulation, duty, contract, right or order.

4. Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. Acknowledgments:  Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices:   Notices required under this Agreement shall be in writing, sent via first class mail and email, and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Joseph M. Mattone
134-01 20th Avenue
College Point, NY 11356
Tel: 718-353-8880
Fax: 718-353-0161

Email: joseph@mattone.com

Neel A. Choudhury
3038 Ponce de Leon
New Orleans, LA 70119
neelalan@gmail.com

7. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

<u>PLAINTIFFS:</u>

By: _____/s/_____           Date: 7-16-18
LUISA SANCHEZ SOLIS

By: _____/s/_____   Date: 07-17-18
     GONZALO HERNANDEZ


DEFENDANTS:

By: _____   Date: _____
     HABANA TO GO BROOKLYN LLC

By: _____   Date: _____
     HABANA BROOKLYN LLC


By: _____   Date: _____
     SEAN MEENAN

By: _____   Date: _____
      GONZALO HERNANDEZ

DEFENDANTS:

By: _____*[signature]*_____   Date: 7/18/18
      HABANA TO GO BROOKLYN LLC

By: _____*[signature]*_____   Date: 7/18/18
      HABANA BROOKLYN LLC

By: _____*[signature]*_____   Date: 7/18/18
      SEAN MEENAN

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------x
LUISA SANCHEZ SOLIS AND,
GONZALO HERNANDEZ *individually
and on behalf of others similarly situated,*

      Plaintiff*s*,

-against-

HABANA TO GO BROOKLYN LLC
(d/b/a HABANA TO GO), HABANA
BROOKLYN LLC (d/b/a HABANA
OUTPOST), and, SEAN MEENAN,

      *Defendants.*
------------------------------------------------------------x

Index No.: **17-cv-7409**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
        : ss.:
COUNTY OF Queens )

1. I reside in ___Kings___ County.

2. I, Sean Meenan, am the Managing Member of Habana to Go Brooklyn LLC (d/b/a Habana to Go). I am duly authorized to make this affidavit of confession of judgment on behalf of Habana to Go Brooklyn LLC (d/b/a Habana to Go).

3. Habana to Go Brooklyn LLC (d/b/a Habana to Go), maintains its principal place of business in New York County at 690 Fulton Street, Brooklyn, New York 11217.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Luisa Sanchez Solis and Gonzalo Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and Habana to Go Brooklyn LLC (d/b/a Habana to Go), Habana Brooklyn LLC (d/b/a Habana Outpost), and, Sean Meenan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Habana to Go Brooklyn LLC (d/b/a Habana to Go) in favor of Plaintiffs for the sum of $99,999.99, less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $99,999.99 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $99,999.99, less any payments made under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $99,999.99 (less any amounts already paid to Plaintiffs pursuant to the schedule in the Settlement Agreement), against Habana to Go Brooklyn LLC (d/b/a Habana to Go).

Habana to Go Brooklyn LLC

By: _____
Sean Meenan, as Managing Member


STATE OF New York )
                              : ss.:

On July 17, 2018, before me personally came Sean Meenan, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the Managing Member of Habana to Go Brooklyn LLC, the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Habana to Go Brooklyn LLC and was authorized to do so.

_____
Notary Public

JOSEPH M MATTONE JR
Notary Public, State of New York
No. 02MA6334442
Qualified in Queens County
Commission Expires December 21, 2019

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
--------------------------------------------------------------------x
LUISA SANCHEZ SOLIS AND,
GONZALO HERNANDEZ *individually*
*and on behalf of others similarly situated,*     :     Index No.: **17-cv-7409**

       Plaintiff*s*,

       -against-     :     **AFFIDAVIT OF CONFESSION OF JUDGMENT**

HABANA TO GO BROOKLYN LLC
(d/b/a HABANA TO GO), HABANA
BROOKLYN LLC  (d/b/a HABANA
OUTPOST), and, SEAN MEENAN,

       *Defendants.*
--------------------------------------------------------------------x

STATE OF NEW YORK     )
                       : ss.:
COUNTY OF  Queens    )

    1.    I reside in __Kings__ County.

    2.    I, Sean Meenan, am the Managing Member of Habana Brooklyn LLC (d/b/a Habana Outpost).  I am duly authorized to make this affidavit of confession of judgment on behalf of Habana Brooklyn LLC (d/b/a Habana Outpost).

    3.    Habana Brooklyn LLC (d/b/a Habana Outpost), maintains its principal place of business in New York County at 757 Fulton Street, Brooklyn, New York 11217.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Luisa Sanchez Solis and Gonzalo Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and Habana to Go Brooklyn LLC  (d/b/a Habana to Go), Habana Brooklyn LLC  (d/b/a Habana Outpost), and, Sean Meenan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Habana Brooklyn LLC (d/b/a Habana Outpost) in favor of Plaintiffs for the sum of $99,999.99), less any payments made under the Settlement Agreement.

    5.    This affidavit of confession of judgment is for a debt due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $99,999.99) to Plaintiffs.  The amount of this affidavit of confession of judgment represents the amount of $99,999.99, less any payments made under the Settlement Agreement.

    6.    This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $99,999.99) (less any amounts already paid to Plaintiffs pursuant to the schedule in the Settlement Agreement), against Habana Brooklyn LLC  (d/b/a Habana Outpost).

HABANA BROOKLYN LLC

By: _____
SEAN MEENAN
Title: Managing Member

STATE OF New York )
County of Queens : ss.:

On July 17, 2018, before me personally came Sean Meenan, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the Managing Member of Habana Brooklyn LLC  the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Habana Brooklyn LLC  and was authorized to do so.

_____
Notary Public

JOSEPH M MATTONE JR
Notary Public, State of New York
No. 02MA6334442
Qualified in Queens County
Commission Expires December 21, 2019

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x
LUISA SANCHEZ SOLIS AND,
GONZALO HERNANDEZ *individually
and on behalf of others similarly situated,*

     Plaintiff*s*,

  -against-

HABANA TO GO BROOKLYN LLC
(d/b/a HABANA TO GO), HABANA
BROOKLYN LLC (d/b/a HABANA
OUTPOST), and, SEAN MEENAN,

     *Defendants.*

------------------------------------x

Index No.: **17-cv-7409**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
       : ss.:
COUNTY OF Queens )

  1. I reside in ___Kings___ County.

  2. Pursuant to the terms of the Settlement Agreement and Release by and between Luisa Sanchez Solis and Gonzalo Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and Habana to Go Brooklyn LLC (d/b/a Habana to Go), Habana Brooklyn LLC (d/b/a Habana Outpost), and, Sean Meenan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of $99,999.99), less any payments made under the Settlement Agreement.

  3. This affidavit of confession of judgment is for a debt due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $99,999.99) to Plaintiffs. The amount of this affidavit of confession of judgment represents the amount of $99,999.99, less any payments made under the Settlement Agreement.

  4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

  5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $99,999.99 (less any amounts already paid to Plaintiffs pursuant to the schedule in the Settlement Agreement), against

me, Sean Meenan.

_____
SEAN MEENAN

Sworn to before me this
17 day of July 2018

_____
Notary Public

JOSEPH M MATTONE JR
Notary Public, State of New York
No. 02MA6334442
Qualified in Queens County
Commission Expires December 21, 2019